JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel Smith

**(b)** County of Residence of First Listed Plaintiff: **Atlantic**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catalano Law- Randy P. Catalano, Esquire-
401 Kings Highway S. Suite 4A, Cherry Hill, NJ 08034

## DEFENDANTS
NJ Department of Corrections, Officer John Makos, John Does 1-25 and John Does 26-50

County of Residence of First Listed Defendant: **Atlantic**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U,S,C, S1983
Brief description of cause:
Violation of Constitutional Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/1/2021
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ 08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SMITH,<br><br>        Plaintiffs,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, OFFICER JOHN MAKOS, JOHN DOES 1-25 (fictitious names), JOHN DOES 26-50 (fictitious names), jointly, severally and/or in the alternative.<br><br>        Defendants. | CIVIL NO.<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, Daniel Smith, residing in Egg Harbor City, County of Atlantic and State of New Jersey, by way of Complaint says:

## COUNT ONE
(Jurisdiction and Venue)

1. Plaintiff, Daniel Smith, brings this action against defendants to recover damages for deprivation and violation of rights secured to him by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and by the New Jersey Constitution.

2. Plaintiff seeks redress for defendants' violation of his Fourth Amendment rights to be free from excessive force for their violation of his Eighth Amendment rights against cruel and unusual punishment; for their violation of his Fourteenth Amendment rights to due process of law; for the violation of his rights provided by 42 U.S.C. § 1983; for conspiring with each other to violate his rights under the Fourth, Eighth and Fourteenth Amendments; for their violation of constitutional rights including the right to be free from excessive force, intimidation, retaliation, cruel and unusual punishment, emotional distress and negligence; and for defendants conspiracy to commit all of these constitutional violations.

3. This court has jurisdiction over this action under 38 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983. Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Plaintiff also invokes the supplemental jurisdiction of this court over his state law claims against defendants pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy.

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the initial acts complained of occurred in the County of Cumberland and State of New Jersey.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer John Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names).

## COUNT TWO
(Parties)

6. At all relevant times alleged herein, plaintiff was and is a citizen of the United States of America and the State of New Jersey residing in Atlantic County. (Also,

Atlantic County where Bayside is located)

7. At all relevant times alleged herein, defendant, the New Jersey Department of Corrections was the employer of the individual defendants and bodies politic of the State of New Jersey, and as such, were responsible for the institutionalized policies and practices carried out at Bayside State Prison had disciplinary control over subordinate employees and had the authority and responsibility to prevent ongoing violations of constitutional and common law rights by employees.

8. At all times alleged herein, defendant, The New Jersey Department of Corrections was the employer of Officer John Makos and John Does 1-25, and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Corrections department which fostered, permitted or acquiesced in violations of the constitutional rights of inmates including plaintiff, Daniel Smith.

9. At all times material hereto, defendants, Officer John Makos, was an employee of the defendant, New Jersey Department of Corrections and assigned to the Bayside State Prison and was acting in such capacity and under color of state law.

10. At all relevant times, defendant John Does 1-25 (fictitious names), were individuals employed by the New Jersey Department of Corrections who were acting in such capacity and under color of state law. These defendants are fictitious names for individuals and/or whose identities are currently unknown to plaintiff but expect to be ascertained in discovery.

11. At all relevant times, Defendant John Does 26-50 (fictitious names), were individuals employed by the New Jersey Department of Corrections in supervisory roles including the Warden at Bayside State Prison.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs.

## COUNT THREE
(Facts)

12. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

13. In 2019, plaintiff, Daniel Smith was an inmate with the New Jersey Department of Corrections being housed in Bayside State Prison where he was offered a job in the kitchen.

14. Defendant, Officer John Makos, was the supervisor in the kitchen who inflicted cruel and unusual punishment on plaintiff, Daniel Smith, as well as others.

15. Defendant, Officer John Makos, gave inmates including Plaintiff, Daniel Smith, tacos to eat which contained home grown extra hot peppers from Defendant Makos personal garden. After eating some of the taco, Plaintiff became sick and had to run to the bathroom. Plaintiff was sick for several days after this incident including diarrhea, nausea, and bleeding from his throat. Defendant Makos knew Plaintiff has high blood pressure when he did this.

16. When Plaintiff would use the toilet, Defendant, Officer John Makos, would pour buckets of hot or cold water onto the Plaintiff from above. This happened on multiple occasions.

17. Once, when Plaintiff had his jacket on, Defendant, Officer John Makos, came up from behind, picked him up and then slammed him down head first onto the ground.

Defendant Makos laughed at plaintiff after doing this. The inmates called this "Monkey Dunk". Apparently, defendant Makos would do it to any inmate who had his jacket on during a line up search.

18. Defendant, Officer John Makos, would at times go by Plaintiff and slap him in the groin/genitals which was referred to as "Bangkok". This happened to the plaintiff personally about a dozen times.

19. Defendant, Officer John Makos, would also make plaintiff get into squatting "catcher's position in baseball" while another inmate was ordered by defendant Makos to punch plaintiff in the ribs and groin/genital area.

20. Defendant, Officer John Makos, would require plaintiff to stand straight up with his hands on a bar while defendant Makos ordered another inmate to kick plaintiff in the ribs with his boots on. Apparently, this was punishment for having passed food to another inmate which was witnessed by a Corrections Officer. Said Corrections Officer reported the incident to defendant, Officer John Makos who then carried out the punishment on the plaintiff.

21. Apparently, defendant, Officer John Makos, was a wrestler in school and liked to wrestle with the inmates. On one occasion, defendant Makos wrestled an inmate named Glen Davies in the back room behind the kitchen. During the wrestling, Davies cut his wrist on a metal light switch plate. There was blood all over the room and floor. Plaintiff, Daniel Smith was ordered to clean up this bloody mess.

22. Plaintiff was forced to watch defendant, Officer John Makos wrestling Davies numerous times where Davies was injured. Plaintiff was very scared having to witness these gruesome events.

23. Plaintiff also witnessed numerous other beatings of inmates by defendant,

Officer John Makos, in the kitchen area and in the back room behind the kitchen (where there were no cameras).

24. Plaintiff was forced to clean the kitchen and refrigerator for inspections. Plaintiff was required to clean mold off the inside of the refrigerator as well as cut mold off the food (i.e., muffins and potatoes). Once when he refused, Plaintiff was forced to eat the moldy food.

25. Plaintiff was reprimanded on numerous occasions for the food trays not being clean enough. There was always a shortage of dish washing liquid and supplies and sometimes no hot water. He was not allowed to complain about the lack of supplies.

26. Plaintiff, Daniel Smith was picked on, insulted, and degraded every day by defendant, Officer John Makos for being on medicine for his mental illnesses and suboxones for his addiction. Defendant, John Makos, would call plaintiff a "faggot", "retard", "asshole", "mother f'er". Plaintiff was constantly talked down to and was abused both mentally and physically.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer John Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs.

## COUNT FOUR
(Fourth Amendment Violations)

27. Plaintiff, Daniel Smith, hereby incorporates the previous allegations of the Complaint as if same were set forth at length herein.

28. The actions of the aforementioned defendants were carried out in a manner and with a reckless disregard for the safety of the Plaintiff, as well as other inmates and

constituted the illegal use of excessive force under the circumstances.

29. Defendants' actions constituted a violation of Plaintiff's federal and state constitutional rights including the 4th amendment right to be free of the use of excessive force.

30. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith sustained serious injuries of a temporary and permanent nature, was caused pain and suffering emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Defendant Officer John Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT FIVE
(Eighth Amendment Violations)

31. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

32. The actions of the aforementioned defendants clearly constituted cruel and unusual punishment in violation of the 8th Amendment.

33. Defendants' actions were a violation of Plaintiff's Federal and State Constitutional rights against cruel and unusual punishment.

34. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith, sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to

cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Defendant, Officer John Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT SIX
(Fourteenth Amendment Violations)

35. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

36. The actions of the aforesaid defendants constituted under the circumstances a lack of due process and a failure to protect the plaintiff afforded by the Fourteenth Amendment.

37. Defendant's actions or failure to take actions constituted a violation of plaintiff's Fourteenth Amendment rights as well as his New Jersey State Constitutional rights against such behavior.

38. As a direct and proximate result of the actions of the aforesaid defendants, plaintiff, Daniel Smith sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, will incur medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer John

Makos, John Does 1-25 (fictitious names) and John Does 26-50(fictitious names) together with interest, attorney fees and costs.

## COUNT SEVEN
(Violation of New Jersey Civil Rights)

39. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as it set forth at length herein.

40. The actions of the aforesaid Defendants constituted a violation of Plaintiff's rights under the New Jersey Civil Rights Act.

41. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith, sustained serious injuries, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer John Makos and John Does 1-25 (fictitious names) and John Does 26-50(fictitious names) together with interest, attorney fees and costs.

## COUNT EIGHT
(42 U.S.C. Section 1983 Liability)

42. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

43. The Defendants, John Does 26-50 (fictitious names) failed to adequately train and/or supervise their respective officers to carry out their duties in a lawful and non-negligent manner.

44. The constitutional violations of the aforementioned defendants were reasonably foreseeable, however, Defendants, John Does 26-50 (fictitious names) failed to take appropriate actions to investigate, discipline, train and/or correct the actions of the involved officers based upon prior constitutional violations.

45. The supervisors and/or other persons in authority knew or should have known of the prior unconstitutional behavior of the defendants and failed to adequately train, supervise and/or intercede in order to prevent future violations by its employees.

46. Defendants, John Does 26-50 (fictitious names) observed or should have observed or reviewed video evidence of the ongoing actions by Defendant, Officer John Makos and John Does 1-25.

47. The room behind the kitchen where many of these inappropriate activities were taking place should have had video surveillance and it did not thereby enabling the defendant, Officer John Makos and John Does 1-25 to carry out said activities outside the eye of their supervisors.

48. Defendant John Does 26-50 (fictitious names) should have become aware of the actions of Defendant, Officer John Makos and John Does 1-25 through word of mouth and common knowledge.

49. Defendant, John Does 26-50 (fictitious names) failure to act on this word of mouth and common knowledge makes them directly responsible.

50. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith, sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and

affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

### COUNT NINE
(Assault and Battery)

51. Defendant, Officer John Makos and John Does 1-25 let Plaintiff know that he was going to be punished through a number of beatings in which he was told to assume a certain position (i.e. baseball catchers squat), thereby placing plaintiff in fear of imminent harmful and offensive contact.

52. Defendant, Officer John Makos and/or John Does 1-25 intentionally made harmful, physical and offensive contact with Plaintiffs body.

53. Defendant, Officer John Makos and/or John Does 1-25 were responsible for having others threaten and/or make harmful, physical and offensive contact with Plaintiffs body.

54. All of said actions of defendant, Officer John Makos and/or John Does 1-25 were carried out within the course, scope and discharge of their duties as employees and/or corrections officers for the defendant, New Jersey Department of Corrections at the Bayside State Prison.

55. As a direct and proximate result of the actions of the Defendant Officer John Makos and/or John Does 1-25, Plaintiff Daniel Smith sustained serious injuries of a temporary and permanent nature, emotional distress, medical treatment expenses, was unable to and in the future be unable to attend to his usual duties and affairs, was subjected to a violation

of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Daniel Smith demands judgment for compensatory and punitive damages against Defendants, New Jersey Department of Corrections, Officer John Makos and John Does 1-25 together with interest, attorney fees and costs.

## COUNT TEN
(Intentional Infliction of Emotional Distress)

56. The actions of the Defendant, Officer John Makos and John Does 1-25 constituted extreme and outrageous conduct which amounted to the intentional infliction of emotional distress.

57. As a direct and proximate result of the actions of the Defendant Officer John Makos and/or John Does 1-25, Plaintiff Daniel Smith sustained serious injuries of a temporary and permanent nature, emotional distress, medical treatment expenses, was unable to and in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Daniel Smith demands judgment for compensatory and punitive damages against Defendants, New Jersey Department of Corrections, Officer John Makos and John Does 1-25 together with interest, attorney fees and costs.

## COUNT ELEVEN
(Negligence)

58. Plaintiff, Daniel Smith, hereby incorporates the contents of all previous paragraphs as if set forth at length herein.

59. Defendants owed a duty of ordinary care to the Plaintiff, Daniel Smith, and Defendants breached said duty under the circumstances.

60. In the event the Defendants actions are found not to have been willful or intentional, then Plaintiff, Daniel Smith, asserts that said actions constituted ordinary negligence

under the common law of the State of New Jersey.

61. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith, sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, New Jersey Department of Corrections, Officer John Makos, John Does 1-25 (fictitious names) and John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## COUNT ELEVEN
(Negligent Hiring, Training and Supervision)

62. John Does 26-50 are supervisors and administrators responsible for the hiring, training and supervision of defendant, Officer John Makos.

63. John Does 26-50 had a duty not to hire prison officers with a propensity to inflict harm on inmates.

64. But for the failure of John Does 26-50 to carry out duly diligent background checks, they would not have hired defendant, Officer John Makos.

65. As a proximate result of the hiring of defendant, Makos, Plaintiff suffered severe injuries, including permanent scarring.

66. John Does 26-50 had a duty to train defendant, Makos.

67. John Does 26-50 were negligent in the training of defendant Makos regarding appropriate physical contact with inmates. John Does 26-50 had a duty to effectively

train these officers that use of physical "punishment" for workplace mistakes was not acceptable. John Does 26-50 failed to effectuate this training.

68. John Does 26-50 were responsible for the supervision of Makos.

69. John Does 26-50 were negligent in various ways in their supervision of Makos.

70. John Does 26-50 were negligent in not having cameras installed in areas like the room behind the kitchen, where assaults could take place out of the eye of supervisors.

71. Alternatively, John Does 26-50 were negligent in failing to monitor the security to video in the kitchen office.

72. Also, John Does 26-50 knew that defendant Makos was beating inmates in the room behind the kitchen and did not take reasonable steps to stop the beatings.

73. Bayside State Prison has a culture of corruption in which officers routinely abuse their power by, among other things, coercing and abusing inmates for sadistic and self-serving purposes.

74. John Does 26-50 were negligent in tolerating and encouraging this culture.

75. John Does 26-50 had a duty to prevent this culture from forming. The steps they ought to have taken included but were not limited to fully investigating and disciplining officers who abused their power of prisoners; educating officers about the unacceptability of abusing their power; continuously monitoring the corps of officers for signs of abuse of power. Instead, John Does 26-50 tolerated and encouraged the culture of abuse by looking the other way, making excuses for the officers, ignoring or completely investigating inmate complaints, failing to appropriately discipline officer who abused their power, failing to educate officer about the unacceptability of abusing their power, and failing to monitor for signs

of abuse of power.

76. As a direct and proximate result of the actions of the aforementioned Defendants, Plaintiff, Daniel Smith, sustained serious injuries of a temporary and permanent nature, was caused pain and suffering, emotional stress, incurred medical expenses in an effort to cure his injuries, was unable to and may in the future be unable to attend to his usual duties and affairs, was subjected to a violation of his constitutional rights and was otherwise injured and damaged.

WHEREFORE, plaintiff, Daniel Smith, demands judgment for compensatory and punitive damages against defendants, John Does 26-50 (fictitious names) together with interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff, Daniel Smith, hereby demand a jury trial as to all issues.

*Randy P. Catalano*
Randy P. Catalano, Esquire
Attorney for Plaintiffs